NOT FOR PUBLICATION                [Docket Nos. 13, 15, 26 & 32]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____
                               :
PATRICIA VENNER,               :
                               :
          Plaintiff,           :   Civil Action No. 05-5316 (RMB)
                               :
     v.                        :   OPINION
                               :
BURLINGTON COUNTY BOARD        :
OF SOCIAL SERVICES AND         :
WILLIAM COLLURA                :
                               :
          Defendants.          :
_____:
```

APPEARANCES:

Patricia Venner
P.O. Box 326
Willingboro, NJ 08046
          Pro se Plaintiff

Jonathan S. Reed
David Harris Baskind
TRAUB, EGLIN, LIEBERMAN, STRAUS, LLP
100 Metroplex Drive
2nd Floor
Edison, NJ 08817
          Attorneys for Defendants


**Bumb**, United States District Judge:

I. Introduction

          This matter comes before the Court on Plaintiff

Patricia Venner's motion to "reinstate to job position" and

Defendants Burlington County Board of Social Services

("BCBSS")and William Collura's cross-motion to dismiss the Complaint.[1]

On August 15, 2006, during the pendency of the motion, Plaintiff filed a letter requesting Plaintiff an "emergency stay."  Although the relief Plaintiff seeks is not specifically articulated, it appears from the context that Plaintiff seeks to prevent the Defendants from enforcing a 60-day suspension from August 15, 2006, until November 6, 2006.  Plaintiff alleges she was suspended "in retaliation for her filing a complaint." [Docket Entry No. 1].  It does not appear that Plaintiff served Defendants with a copy of her "motion" contrary to Local Civil Rule 7.1(d)(1).  For the reasons set forth below, Plaintiff's motions shall be denied, and Defendants' motion shall be granted.

II.   Background

Plaintiff, an African-American woman, alleges discrimination on the basis of her race.  As alleged in her Complaint,[2] in November 1999, Plaintiff was promoted from clerk to a receptionist/telephone operator at BCBSS.  Defendant Collura was employed at BCBSS in a supervisory role.

On January 7, 2005, Plaintiff filed a Charge of

---

[1]   On June 29, 2006, Plaintiff filed a "Notice of Motion for Preliminary Injunction" which seeks similar relief sought in her initial motion to reinstate her job.

[2]   Although the Complaint is labeled a "Tort Complaint," the Plaintiff, appearing pro se, alleges jurisdiction under Title VII, 42 U.S.C. § 2000 et seq., and 28 U.S.C. § 1331.

Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that she was subject to discrimination based on race and unlawful retaliation in violation of Title VII, of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq.  Essentially, Plaintiff alleged that she was racially discriminated against because a Caucasian was given easier hours to work.  She also alleged that unlike her Caucasian co-worker, she was not afforded the opportunity to receive training on the telephone system. Plaintiff further alleged that she was being retaliated against because she reported to her employer that she was being treated differently.  Finally, Plaintiff alleged that she believed "blacks, as a class are treated differently/have been treated differently by Mr. Collura."  (Ex. A to Sonstein Decl.).  In the EEOC charge of discrimination, Plaintiff checked the boxes for "race" and "retaliation," and the date of discrimination from August 5, 2004 to December 30, 2004, and that it was a "continuing action."  Id.

        The EEOC investigated the charge and on June 9, 2005, determined that it was unable to conclude that the information established a violation of the federal statutes.  The EEOC issued a "Notice of Suit Rights" advising Plaintiff that she had ninety days to bring suit or be barred from bringing suit on those charges.  (Ex. F. To Sonstein Decl.).

Venner commenced this action against Defendants BCBSS and Collura on November 3, 2005, almost five months later.  Her Complaint recites factual allegations chronologically from the time she was promoted to receptionist/telephone operator to October 13, 2005.  On this later date, Plaintiff attended a hearing as a result of BCBSS' notice of disciplinary action on September 22, 2005, seeking a forty-five day suspension.  The hearing officer determined a suspension of twenty days was appropriate.  Throughout the Complaint, Plaintiff makes claims of race discrimination, retaliation, hostile work environment, slander and libel.[3] [Docket Entry No. 1].

III.  Analysis

Defendants bring this motion to dismiss the Complaint for failure to state a claim upon which relief can be granted because Plaintiff  (1) failed to timely file the within Complaint and (2) to exhaust her administrative remedies.  A motion to dismiss a Title VII claim for failure to exhaust administrative remedies is treated as a motion to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R.Civ. P. 12(b)(6).  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  On a motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, and draw all

---

[3]  Plaintiff asserts violations based upon both federal and state laws.

reasonable inferences in favor of the plaintiff.  Doe v. Delie,
257 F.3d 309, 313 (3d Cir. 2001).  While the Court may generally
not consider matters extraneous to the pleadings, In Re
Burlington Coat Factory Securities Litigation, 114 F.3d 1410,
1426 (3d Cir. 1997), the Court may consider documents attached
to, integral to or relied upon in the pleadings without
converting the motion to dismiss into a motion for summary
judgment.  Id.  Thus, for example, Plaintiff's Complaint to the
EEOC may be considered on a motion to dismiss because it is
integral to the Complaint.  See International Audio Text Network
v. American Tel. Co.  62 F.3d 69, 72 (2d Cir. 1995) (per curiam).
The Court may also consider matters of public record.  Angstadt
v. Midd-West School District, 377 F.3d 338, 342 (3d Cir. 2004).
Here, Plaintiff should not prevent this Court from looking at the
documents the Defendants cite to as integral to this case by
failing to attach or explicitly cite them.  See Burlington Coat
Factory, supra at 1426.

        The law is well-settled that a plaintiff is generally
required to raise all claims with the EEOC before bringing an
action in federal court.  See 42 U.S.C. § 2000e-5.  If the EEOC
chooses not to file a suit on an employee's behalf, it sends the
person a Notice of Right to Sue which informs the person that she
has ninety days to file suit against her employer.  See 42 U.S.C.
§ 2000e-5(f)(1).  Section 2000e-5(f)(1) requires that claims

brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter.  This requirement is a statute of limitations rather than a jurisdictional prerequisite to suit, <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 394 (1982), and the foregoing steps are essential to the "statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action." <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73, 93 (3d Cir. 1999) (citation omitted).

        Here, Plaintiff filed the Complaint long after the ninety-day period.  Plaintiff does not dispute that she received the Right to Sue letter.  Indeed, she is presumed to have received it within three days of the mailing. <u>See</u> <u>Seitzinger v. Reading Hospital & Medical Center</u>, 1997 WL 476339 (E.D. Pa. 1997).  Nor does she deny that she failed to file the within Complaint timely.  Accordingly, Plaintiff's failure to commence this action within the ninety-day time period completely bars her Title VII claims of race discrimination and retaliation from August 5, 2004, to December 30, 2004, which were presented to the EEOC on January 7, 2005.

        Plaintiff's Complaint also sets forth claims for incidents alleged to have occurred after the filing of the EEOC charge.  These claims include race discrimination, hostile work

environment, and retaliation under Title VII.  Plaintiff,

however, clearly failed to raise these claims with the EEOC prior

to bringing suit.  Again, she does not dispute that she failed to

bring these claims before the EEOC, as the law requires.  As

stated by the Third Circuit, "[b]ecause the aim of the statutory

scheme is to resolve disputes by informal conciliation, prior to

litigation, suits in the district court are limited to matters of

which the EEOC has had notice and a chance, if appropriate, to

settle."  Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d

Cir. 1999)

        Here, the EEOC was denied the opportunity to settle

Plaintiff's later claims at the administrative level and, thus,

Plaintiff failed to exhaust her administrative remedies with

respect to claims occurring after the filing of the EEOC charge.

Accordingly, the Court will dismiss the Plaintiff's remaining

claims of hostile work environment, retaliation, harassment and

discrimination.[4]

---

    [4]  The Court recognizes that, in some cases, it may consider
events subsequent to a complaint filed with the EEOC if the
claims are "closely related to conduct alleged in the charge."
See, e.g., Sandom v. Travelers Mortgage Service, Inc., 752
F.Supp. 1240, 1248 (D.N.J. 1990).  The Court need not reach that
issue here, because even if Plaintiff's latter claims are closely
related to the claims she presented to the EEOC, Plaintiff is
still time-barred because she failed to file this Complaint
within the ninety-day statutory period.

        Plaintiff also appears to allege a violation under the
Age and Disability Act ("ADEA").  This claim fails, too, because
Plaintiff failed to exhaust her administrative remedies.

Additionally, Plaintiff's remaining claims of slander, libel, harassment, false statements, mental stress and unjust suspension raise only state law claims.  Having dismissed the federal claims in this case, the Court declines to exercise supplemental jurisdiction over the pendant state law claims which are therefore dismissed without prejudice.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181-82 (3d Cir. 1999).

Finally, the Court interprets Plaintiff's "Motion to Reinstate to Job Position," "Motion for a Preliminary Injunction," and "Emergency Stay" request as motions for preliminary injunctive relief pending the outcome of this case.[5] Because the Court has granted the Defendants' motion to dismiss the Complaint, and the Court has dismissed without prejudice Plaintiff's remaining state law claims, these motions are denied as moot.

An accompanying Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: August 24, 2006

---

[5]   Plaintiff sought prior emergent relief on November 28, 2005, which the Honorable Freda L. Wolfson denied. [Docket Entry No. 20] The Court is cognizant that the Defendants were not served.